[No. A037720. First Dist., Div. Five. May 14, 1987.]

In re JOHN DESMOND O'DRISCOLL on Habeas Corpus.

**COUNSEL**

James V. Castelli, J. Tony Serra, Denise Anton and Serra, Perelson, Anton, Lichter & Daar for Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye, David D. Salmon and Laurence K. Sullivan, Deputy Attorneys General, for Respondent.

**OPINION**

HANING, J.—Petitioner John Desmond O'Driscoll is currently appealing from a municipal court order reinstating him to misdemeanor probation by imposing additional conditions, including 120 days in county jail. He contends he is entitled to bail on appeal as a matter of right by virtue of Penal Code section 1272, subdivision 2.[1] Having failed to convince the municipal court and the Marin County Superior Court, petitioner filed an original petition for writ of habeas corpus which we originally denied summarily. He then petitioned the Supreme Court, which issued an order to show cause returnable here and cited us to section 1272, subdivision 2 and *In re Newbern* (1961) 55 Cal.2d 500, 503-504 [11 Cal.Rptr. 547, 360 P.2d 43].

The procedural history is brief. In 1984 petitioner was convicted of driving under the influence (DUI), a misdemeanor. We presume, for purposes of this proceeding, that he was placed on three years probation, which included the standard condition that he lead a law-abiding life.[2] (Case No. 84-00550.) On

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Petitioner appeared without counsel and pled guilty. Prior to entering his guilty plea he was advised by the court that if he was "planning to handle your own case and enter a plea

November 8, 1985, he was charged by complaint with a new DUI offense. (Case No. 85-12400.) That same day, the new offense was used as the basis for a petition to revoke petitioner's "probation" in the 1984 case. The revocation proceeding was calendared to trail the trial of the new offense.

On November 17, 1986, the new case was tried. On November 20, the jury declared itself deadlocked and the court declared a mistrial. The trial judge calendared the revocation petition for December 3, 1986, for further proceedings. At this hearing, for which no transcript appears in the record, the court apparently summarily revoked probation based on the allegations of the petition and the evidence adduced before it at the abortive trial. On December 19, 1986, petitioner filed a notice of appeal from this order, describing it as an order revoking probation "and sentence entered."

This notice, as petitioner admits, was premature because the trial court had not yet imposed sentence. On January 26, 1987, the court held a revocation hearing, at which time it received the probation officer's report and recommendation regarding revocation or modification of probation. At this hearing the trial court "reinstated" petitioner to probation subject to, inter alia, a jail term of 120 days. Petitioner filed an amended notice of appeal from this order on February 20, 1987. He then sought, and was denied, bail pending his appeal.

 Throughout proceedings in all courts, including the Supreme Court, petitioner has relied almost exclusively on section 1272, subdivision 2, which

---

of guilty but you're concerned whether or not the sentence would include jail, I will advise you before you enter a guilty plea if it appears to me because of the seriousness of the charge or because the law requires it or because of your prior convictions that jail is likely. [¶] If I don't advise you ahead of time then you should assume that the most that will happen is you will receive a fine, some limitation may be placed on your driving or other activities, you may be required to go to a drinking driver school or some other counseling or therapy."

The court then accepted his guilty plea and sentenced him as follows: "Three year conditional sentence, lead a law abiding life, if arrested again for the offense you must submit to a chemical test, limit your driving for 90 days to to and from the DUI school and to and from employment only, enroll and complete the DUI school, you can do that in San Francisco, within the next 90 days, pay a fine of $784.00. [¶] When will you pay that? [¶] [Petitioner]: Could I have 90 days, your Honor? [¶] [The Court]: All right. Pay it within 90 days. [¶] [The Clerk]: Count Two dismissed, your Honor? [¶] [The Court]: Yes."

Section 1203, subdivision (a) defines the phrase "conditional sentence" as "the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to the conditions established by the court without the supervision of the probation officer." The record does not reflect that petitioner was ever advised that he was on probation or that his "release in the community" was "revocable." The record merely reflects that petitioner received the sentence which the court advised him it would impose prior to accepting his guilty plea.

We do not decide the issue of the validity of the revocation and reinstatement proceedings, since that is directly appealable to the appellate department of the superior court, and presumably will be decided in that forum. We mention it only to show that there is a very real problem with the denial of bail in this instance.

provides for bail as a matter of right "before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors." The phrase "judgment imposing imprisonment" includes an order or judgment suspending the imposition of sentence and placing the defendant on probation with a jail term as a condition of probation. (*In re Bakke* (1986) 42 Cal.3d 84 [227 Cal.Rptr. 663, 720 P.2d 11]; *People* v. *Cook* (1975) 13 Cal.3d 663, 666-667, fn. 1 [119 Cal.Rptr. 500, 532 P.2d 148], cert. den., 423 U.S. 870 [46 L.Ed.2d 100, 96 S.Ct. 135]; see also § 1466, subd. (b)(1).)

■ The municipal court apparently denied bail on the ground that petitioner had no right to appeal.[3] In this regard the municipal court was in error; the right to appeal from such an order or judgment clearly exists. (*In re Bakke, supra,* 42 Cal.3d 84; *People* v. *Vickers* (1972) 8 Cal.3d 451, 453 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People* v. *Delles* (1968) 69 Cal.2d 906, 908-909 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Robinson* (1954) 43 Cal.2d 143, 145 [271 P.2d 872]; *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445]; § 1466, subd. (b)(2).)

In ruling on petitioner's request for habeas corpus, the superior court acknowledged his right to appeal, but denied bail on the ground that the right to bail guaranteed by section 1277, subdivision 2 was not applicable to judgments imposing imprisonment following a revocation of probation.

■ We conclude that section 1272, subdivision 2 guarantees a right to bail on an appeal from any appealable order or judgment imposing imprisonment on a misdemeanor offense. We base our conclusion on the clear language of the statute itself, and the decisions of our Supreme Court interpreting it.

In *In re Newbern, supra,* 55 Cal.2d 500 the defendant was convicted of two misdemeanors and placed on probation on the condition that he violate no similar laws. He subsequently committed a new offense in violation of the terms of his probation. The trial court thereafter revoked his probation and sentenced him to jail, and denied bail pending his appeal. Citing section

---

[3]The record is less than clear on this point, but it does appear that there was some confusion below. Petitioner previously attempted to challenge the "revocation" proceedings by writ. The superior court, this court and the Supreme Court all denied review, but did so on the grounds that petitioner had an adequate remedy by appeal. Thus, the merits of his contention have never been addressed. The municipal court and district attorney appeared to treat the summary denial of writ review as a decision on the merits. When defense counsel persisted that petitioner had a right to appeal, the court responded: "I think your belief is incorrect." Whether the court's belief was based on the summary denial of writ review or its opinion that "this is post judgment" is unclear, but on either ground it was incorrect.

1272, subdivision 2, the Supreme Court held that "[t]he absolute right to bail extends to the pendency of an appeal after judgment imposing imprisonment in cases of misdemeanor." (*Id.*, at p. 503.)

The *Newbern* court also referred to the defendant's right to bail under former article I, section 6 of the California Constitution (now art. I, § 12). However, in the context in which it was used, we interpret the constitutional reference to apply to the reasonableness of the bail rather than the right to bail after conviction. The constitutional, as opposed to the statutory, right to bail has historically been interpreted as applying to the period prior to conviction. (See, e.g., *In re Scaggs* (1956) 47 Cal.2d 416, 418 [303 P.2d 1009]; *In re Podesto* (1976) 15 Cal.3d 921 [127 Cal.Rptr. 97, 544 P.2d 1297].)

In *In re Bakke, supra,* 42 Cal.3d 84 the Supreme Court resolved the issue of whether, "[w]hen a municipal court imposes a jail term as a condition of probation but, at defendant's request, stays execution of the jail term pending appeal, does the court lose jurisdiction to order execution of the jail term if the appeal runs longer than the stipulated period of probation?" (*Id.,* at p. 86.) The defendant in *Bakke* had been convicted of a misdemeanor and placed on three years probation on conditions which included a 60-day jail sentence. His jail sentence was stayed, and he was released on his own recognizance pending an appeal to the appellate department of the superior court. While on appeal his probation was revoked on two separate occasions for violation of probation, but the trial court continued the stay of his jail term until the appeal was resolved. Following the affirmance of his judgment the trial court ordered the jail sentence to commence, but by this time the original period of probation had expired due to delays in obtaining the record for the appeal.

In ruling that the trial court's jurisdiction was not lost under such circumstances the Supreme Court discussed the logic of the trial court's original stay order: "It may be entirely appropriate to suspend the most onerous condition, that of physical confinement pending appeal. Indeed, *it would be an abuse of discretion not to do so in a misdemeanor case such as this since a misdemeanant has an absolute right to bail pending appeal when a jail sentence is imposed. (§ 1272, subd. 2.)*" (*In re Bakke, supra,* 42 Cal.3d at p. 88, italics supplied.)

Thus, it appears that the right to bail under section 1272, subdivision 2 is dependent upon neither the time nor the form of the order or judgment imposing imprisonment. Rather, it is the fact of imprisonment and the right of appeal which invokes the statutory right to bail. It is self evident that *the need for bail does not arise until imprisonment is ordered.*

We reject the argument that the right to bail interferes with the trial court's ability to discipline recidivist probationers, any more than does the right to appeal. The trial court maintains its ability to exercise its discretion in any appropriate fashion when probationers violate the terms and conditions of their probation, and if the revocation order is valid, the punishment will duly follow. However, if the revocation order is invalid the defendant is not lawfully subject to imprisonment, in which case the statutory provision for bail is significant. That concept is particularly appropriate in the instant case given the record before us, which indicates that the original sentencing court never advised petitioner that he was to be placed on probation (see fn. 2, *supra*), and the "revoking" court manifested the mistaken belief that petitioner had no right to appeal. The right of appeal is defined by the Legislature, and it has historically treated misdemeanor offenders differently than felons.[4] It has chosen to make bail available as a matter of right to misdemeanor appellants, and any policy arguments concerning that decision are for the Legislature, and not the courts.

The petition for writ of habeas corpus is granted. The Municipal Court of Marin County is directed to vacate its order denying bail herein, and to set bail pending the resolution of petitioner's appeal.

King, J., concurred.

**LOW, P. J.**—I respectfully dissent. Penal Code section 1272, subdivision 2 does not afford a right to automatic bail pending appeal from an order made *after* a misdemeanor judgment, such as an order modifying probation and imposing incarceration as a sanction for a probation violation. The majority's conclusion to the contrary, while based on an appealing surface logic, interprets the bail statute contrary to its explicit terms and can find no support in prior decisional law. Furthermore, the majority's ruling will drastically undermine the careful process of probation supervision by effectively diluting the power of the probation officer and the trial court to promptly punish the errant probationer. I cannot contribute to such an unfortunate result, nor do I believe that result was anticipated by the Supreme Court when it issued its order to show cause.

The statute provides for bail as a matter of right "before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of

---

[4]The distinction between felonies and misdemeanors obviously extends beyond the matter of bail. There are significant and extensive differences with regard to, inter alia, the procedure by and time within which the defendant must be brought to trial; the sentencing process and the sentences themselves; restrictions on plea bargaining; the availability and existence of diversionary programs; and the appellate process itself.

misdemeanors." I read this language as providing for bail only in the two situations designated: prior to judgment pending an application for probation, or on appeal from the judgment itself. The statute clearly does *not* provide for automatic bail on appeal from orders after final judgment. An "order after judgment" is not a "judgment": had the Legislature intended to provide for automatic bail on postjudgment appeals, it could easily and clearly have done so. The Legislature has not provided by postjudgment automatic bail in misdemeanor cases, and this court cannot do so without rewriting the bail statute.

I admit there is a certain gloss of appeal to the majority's conclusion that the statute "guarantees a right to bail on an appeal from any appealable order or judgment imposing imprisonment on a misdemeanor offense." I understand the majority to reason that given the short sentences typically imposed for a misdemeanor, a right to automatic bail should attach to any order imposing incarceration for misdemeanor conduct, thereby preserving the meaning of the right to appeal when the appeal period may well exceed the sentence. This reasoning applies very handily to the original misdemeanor sentence, and indeed is the reason for automatic misdemeanor bail on appeal. The reasoning does not apply to the postjudgment sanction of jail time imposed for a probation violation. The Legislature has not seen fit to extend the same bail privilege to errant probationers who have been afforded a chance to perform and have failed. Nevertheless, reasonable minds may see a certain compassion in the majority's line of thought: however, the inclusion within the bail statute of "any" appealable order, including postjudgment orders, is a matter left to the Legislature.

The cases relied on by the majority do not support its position. *In re Newbern* (1961) 55 Cal.2d 500, 503-504 [11 Cal.Rptr. 547, 360 P.2d 43], was never cited or relied on by O'Driscoll until cited by the Supreme Court's order to show cause. The case is clearly distinguishable as it involved an appeal from a judgment imposing incarceration, *not* an order after final judgment. The defendant in *Newbern* was placed on probation for two misdemeanor violations of a Los Angeles intoxication ordinance. Upon his rearrest from a new alcohol-related crime, the defendant suffered revocation and *termination*—not modification and continuation—of probation, and the imposition of sentences of 180 days on the prior offenses. It is clear from the *Newbern* opinion that the defendant's appeal was from a final judgment imposing sentence, not an order after final judgment. The postjudgment order from which O'Driscoll currently appeals simply does not fall under the ruling of *Newbern*.

Likewise, *In re Bakke* (1986) 42 Cal.3d 84 [227 Cal.Rptr. 663, 720 P.2d 11], involves bail on appeal from a final judgment—an order granting proba-

tion conditioned upon a jail term—and not an order after final judgment. The majority's conclusion that "the right to bail under section 1272, subdivision 2 is dependent upon neither the time nor the form of the order or judgment imposing imprisonment" simply does not follow from *Newbern* and *Bakke*.

The majority's conclusion is not only unsound law but unsound policy. I think it unwise to extend automatic bail to defendants who are extended the grace of probation and who nonetheless violate the trust afforded by a probation grant. Probation is an act of grace and clemency, designed to rehabilitate so the probationer may make a responsible citizen of him or herself and be obedient of the law. The supervisory terms for probation may be accepted or rejected by the probationer at the time judgment is pronounced. The supervision and enforcement of the terms accepted by the probationer imposed by the court in granting clemency are unnecessarily undermined by the majority's interpretation of the statute.

I think it ill-advised policy to send a message to misdemeanor offenders they may violate probation with impunity and remain free of incarceration by the simple mechanism of filing a notice of appeal. I think it detrimental to undercut the supervisory authority of the municipal court and the probation officer by rendering his or her authority virtually toothless by negating the force of the rehabilitative/punitive device of jail incarceration for a probation violation. Such terms of confinement are necessary tools of the probation trade; their length may be adjusted in flexible response to the nature of the violation and the degree of punishment necessary to correct the probationer's errant course. This flexible-response sanction is diluted by the attendant delays of appeal. If automatic bail is afforded, the notice of appeal becomes a handy, yet undeserved "Get Out of Jail Free" card for the recidivist probationer.

The facts of this case demonstrate the merit of a policy against extending automatic bail on appeal to the probation violator. O'Driscoll is a recidivist drunk driver with an ample record of prior offenses. Probation records reveal that before O'Driscoll received his conditional sentence in 1984, he had already suffered no less than three prior convictions for driving while intoxicated. The sentencing court, unaware of two of the three priors, treated O'Driscoll as a first rather than a fourth offender: "I'm going to give you a break, Mr. O'Driscoll, and I hope that you take advantage of it. Normally, I would increase the sentence on this case above the minimum because of your prior arrest [*sic*]." As petitioner expressed his appreciation for the court's leniency, the court *again* admonished petitioner that he "got a break the first time" and "should avoid getting arrested again for this." Petitioner obviously failed to heed the court's sound warnings, and was arrested in

November 1985 on the current, and the *fifth*, drunk driving offense. I do not believe that the interests of society are well served by an unprecedented extension of the right to automatic release on bail pending appeal to a recurrent example of the "drunk driver [who] cuts a wide swath of death, pain, grief, and untold physical and emotional injury across the roads of California." (*Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 262 [198 Cal.Rptr. 145, 673 P.2d 732], cert. den. 466 U.S. 967 [80 L.Ed.2d 812, 104 S.Ct. 2337].)

I would be surprised if the majority's result was contemplated by the Supreme Court. On the contrary, I am of the opinion the order to show cause in this case was issued on an unfortunate misapprehension of the nature of the proceedings below. As the Attorney General wisely observed at oral argument, one searches the petition filed in the Supreme Court in vain for a clear representation of the true nature of the order appealed from; it is constantly referred to as an order revoking probation, with the implication of a revocation, termination and imposition of the original sentence. One does not easily discover the order was actually one of *modification* of probation. Small wonder the order to show cause cites *Newbern,* a termination, not a modification case. I point out that the order to show cause issued without the benefit of preliminary opposition to the petition by the Attorney General. In this case, opposition would have clarified the brief obfuscatory petition for writ of habeas corpus and would have quite possibly led to a summary denial.

I would discharge the order to show cause and deny the petition.

Respondent's petition for review by the Supreme Court was denied August 26, 1987.