John MALEY, Plaintiff–Appellant,

v.

COUNTY OF ORANGE; Massey,
Deputy; Richards, Deputy,
Defendants–Appellees.

No. 05–55247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed March 7, 2007.

Joseph Hawkins Low, IV, Esq., The Law Firm of Joseph H. Low IV, Long Beach, CA, for Plaintiff–Appellant.

Daniel R. Sullivan, Esq., Sullivan Struck & Ballog, Santa Ana, CA, for Defendants–Appellees.

Before PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellant John Maley raises two issues on appeal. First, he argues that the district court erred when it concluded after a bench trial that defendants were not liable as a matter of law for violating his rights under California Penal Code section 851.5. Second, he argues that summary judgment

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

was inappropriate on his excessive force claim, as there remain genuine issues of material fact. We reverse.

With respect to the first issue, the district court's narrow interpretation of the constitutional liberty right created by section 851.5 runs counter to the statute's language and disregards the guidance of the California courts. Although section 851.5 might be most directly relevant to the arresting agency or officers, the statute specifically applies to *"any* public officer." CAL.PENAL CODE § 851.5(e) (emphasis added). Moreover, the California Supreme Court has held that the right to a phone call created by a previous version of section 851.5 "arises immediately after booking, and lasts for an indefinite time, until the accused has no more need thereof." *Ex parte Newbern,* 55 Cal.2d 500, 506, 11 Cal.Rptr. 547, 360 P.2d 43 (1961) (emphases omitted).

■ Accordingly, the three-hour limit offered by defendants and their argument that the statute only applies to the arresting officer or agency cannot stand. Such an interpretation would render the statute potentially illusory and create undue confusion while, at the same time, opening a loophole to permit government agencies to deny detainees access to a telephone. The language of the statute nowhere suggests that it was meant to *limit* arrestee's rights in such a way. Rather, it places a burden on police officers to ensure access to the telephone. *See Carlo v. City of Chino,* 105 F.3d 493, 499 (9th Cir.1997) ("[T]he statute substantively limits an officer's discretion [to deny a detainee access to a phone] because it makes a telephone call mandatory unless physically impossible.").

■ Defendants further argue that it was "physically impossible," CAL.PENAL CODE § 851.5(a), to provide Maley with telephone access during his time in the hospital, or that it was not "practicable," CAL.PENAL CODE § 851.5(d), to do so. We

disagree. Nothing about detention in a hospital makes access to a telephone "physically impossible," and the statute's reference to "practicable" modifies only the timeliness of access, not the applicability of the statute. Furthermore, none of the so-called security concerns cited by defendants are grounds for violating the clear terms of the statute. In fact, the California Supreme Court has indicated that the very security concerns cited by defendants here are not a basis for ignoring the statute's commands, although they may serve as the basis for placing security conditions on the use of the telephone. *See People v. Siripongs,* 45 Cal.3d 548, 566, 247 Cal.Rptr. 729, 754 P.2d 1306 (1988).

■ Finally, no reasonable officer could believe that he was exempt from the provisions of section 851.5 and thus was allowed to deny a detainee access to a phone indefinitely. The statute specifically refers to *"any* public officer" and never suggests a distinction between an *arresting* officer and agency and any *other* public officer.

Accordingly, there is no reason to distinguish this case from *Carlo,* which found a violation of a constitutional liberty interest created by section 851.5 and denied qualified immunity. 105 F.3d at 502.

■ With regard to the second issue, summary judgment was inappropriate as there remain genuine issues of material fact. The district court discounted entirely Maley's own deposition and declaration, but there is no basis for doing so. Maley's statements under oath about events that happened *to him,* if believed, are sufficient to prove his claim of excessive force. Based on these statements, Maley sufficiently puts forth an excessive force claim stemming from his treatment at the hospital: that the officers painfully handcuffed him to a bed for fifty-eight hours, tightened the handcuffs when he complained, and at different points during this time

brandished their guns and threatened him. He also alleged a lasting injury, tingling in his wrists, although such an injury was unnecessary to make out an excessive force claim. *See, e.g., Meredith v. Erath,* 342 F.3d 1057, 1063–64 (9th Cir.2003).

■ By 1993, when *Palmer v. Sanderson,* 9 F.3d 1433 (9th Cir.1993), was published, defendants were on notice that abusive handcuffing could amount to excessive force. *Id.* at 1434–36. Because *Palmer* made it clear that abusive handcuffing *alone* amounted to excessive force, the officers could not reasonably believe that *exacerbating* this abuse by threatening an unarmed and injured detainee with a loaded weapon was lawful; qualified immunity is therefore inappropriate. Because there remain genuine issues of material fact, the decision to grant summary judgment was in error.

**REVERSED and REMANDED.**