[No. 10,702—Morrison, C. J.]

Ex parte WILLIAM R. STRANGE.

ADMISSION TO BAIL UPON HABEAS CORPUS—MURDER.

APPLICATION to be admitted to bail upon writ of *habeas corpus.*

No briefs on file.

MORRISON, C. J.:

The petitioner is being prosecuted by information, filed in the Superior Court of Santa Cruz County, for the crime of

murder, and is brought before me on a writ of *habeas corpus*, for the purpose of obtaining an order admitting him to bail.

By Article i, Section 6, of the Constitution, it is declared that "all persons shall be bailable by sufficient sureties, unless for capital offenses where the proof is evident or the presumption great." By Section 1285 of the Penal Code it is provided that "if the offense charged is punishable with death, the officer arresting the defendant must deliver him into custody, according to the command of the bench warrant;" and Section 1286 of the same Code provides that, "when the defendant is so delivered into custody, he must be held by the Sheriff, unless admitted to bail on examination upon a writ of *habeas corpus.*

The application for admission to bail has been heard and submitted upon the evidence taken by the Coroner, and I am of the opinion that upon the evidence, the petitioner should be admitted to bail, under the provision of the Constitution and the sections of the Penal Code above referred to. It is not my purpose to review the evidence or to express an opinion thereupon further than to say that I think the case a bailable one. (*Commonwealth* v. *Lemley,* 2 Pittsburgh, 362.)

Let petitioner be admitted to bail in the sum of twelve thousand dollars, upon his giving a good and sufficient bond in that amount, to be approved by the Judge of the Superior Court of Santa Cruz County.