[Crim. No. 36555. Second Dist., Div. Two. Feb. 27, 1980.]

In re ANTHONY FREEMAN on Habeas Corpus.

**COUNSEL**

Daye Shinn for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**ROTH, P. J.**—Petitioner Anthony Freeman in this habeas corpus proceeding is the defendant in case No. A353160 pending in respondent superior court wherein by information duly filed he is in relevant part charged with the murder of Rose C. Robinson on August 8, 1979, in violation of section 187.[1] The murder was intentional and carried out

---

[1]All references herein are to the Penal Code unless otherwise noted.

for financial gain in violation of section 190.2, subdivision (a)(1). This latter section, amended by initiative November 7, 1978, was in effect at the time of the commission of the murder and imposed punishment of death or life imprisonment without parole if the special circumstances charged are found to be true in the manner provided therefor under section 190.4.

On October 31, 1979, at a formal hearing noticed by petitioner to fix his bail as defendant in case No. A353160, it was disclosed to respondent court that predicated upon district attorney's promise not to seek the death penalty, petitioner signed a writing cosigned by his counsel to waive a penalty trial if he were found guilty of first degree murder and the special circumstances charged in the information found to be true "that the judge may sentence me to life imprisonment without the possibility of parole."[2] Respondent court denied the motion.

Bail may be denied in a capital case. (Pen. Code, § 1270.) Petitioner argued in the trial court and reiterates here that because of the district attorney's promise which we accept as fact for the purpose of this proceeding, he can no longer be held on a capital charge and petitioner is therefore entitled to bail as an automatic constitutional right.

There is nothing in the record to show that any promise has been made by anyone to change the charge as lodged in the information in case No. A353160 pending in respondent court at any time herein mentioned. The charge of first degree murder and the special circumstances of 190.2, subdivision (a)(1) embrace a capital offense. There is no evidence that the capital charge made will be changed or modified before the completion of the guilt phase of the trial or the entry of final judgment on the offense charged. In this state the absolute right to bail is conditioned on the gravity of the charge.

In anticipation of a situation such as the one at bench, our supreme court in *People* v. *Anderson* (1972) 6 Cal.3d 628, at page 657, footnote 45 [100 Cal.Rptr. 152, 493 P.2d 880], stated: "... The law thus determined the gravity of such offenses both *for the purpose of fixing bail before trial* and for imposing punishment after conviction...." (Italics added.) The Supreme Court in *In re Boyle* (1974) 11 Cal.3d 165 [113

---

[2]We do not find it necessary to discuss the nature or effect of appellant's agreement with the district attorney or whether it is binding on the court as the issue before us does not require such discussion.

Cal.Rptr. 99, 520 P.2d 723], relied on by petitioner, did not change this principle.

The *Boyle* court holds that the crimes charged in that case did not come within the definition of a capital offense under Penal Code section 190.2 as then worded.

The court in *Boyle* said at page 167: "The determinative question, however, is whether these crimes are 'capital offenses' within the meaning of article I, section 6. The constitutional provision does not itself define the term; it simply withholds in such cases a constitutional right to bail, and impliedly grants to the Legislature the power to implement that exception."

Petitioner has been and is charged with an offense committed on August 8, 1979, defined as a capital crime under the initiative statute of November 7, 1978, which was in effect on August 8, 1979. That statute is now the law of the state.

The order to show cause is discharged. The petition is denied.

Fleming, J., and Compton, J., concurred.