[No. G013276. Fourth Dist., Div. Three. Dec. 1, 1992.]

ERIC DEON CLARK, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

James G. Enright and Keith C. Monroe for Petitioner.

No appearance for Respondent.

Michael R. Capizzi, District Attorney, and Gregg L. Prickett, Deputy District Attorney, for Real Party in Interest.

OPINION

SILLS, P. J.—Article I, section 12 of our Constitution provides: "A person shall be released on bail by sufficient sureties, except for: [¶] (a) Capital crimes when the facts are evident or the presumption great; . . ." Petitioner Eric Deon Clark has been charged with a special circumstance murder, although the district attorney stated in writing that he would not seek the death penalty against Clark. Citing *In re Freeman* (1980) 102 Cal.App.3d 838 [162 Cal.Rptr. 423], the superior court held it lacked jurisdiction to conduct a bail hearing in this case because Clark had been indicted for a

crime which could have warranted the death penalty.[1] We believe the superior court read *Freeman* too broadly; under our Constitution, trial courts must determine whether "the facts are evident or the presumption great." We therefore direct the superior court to conduct a bail hearing in this case.

## FACTS

Clark was indicted for, inter alia, murder committed during a commercial burglary and robbery.[2] The indictment alleged that the burglary and robbery were "special circumstances" under Penal Code section 190.2.[3] After petitioner was arraigned, the prosecutor sent a letter to Clark's counsel stating that the People would not seek the death penalty against his client.[4]

Clark then filed a motion to set bail. The People opposed these motions, relying on *In re Freeman, supra,* 102 Cal.App.3d 838. The superior court believed it could not hold a bail hearing, stating: "This court, perhaps correctly, perhaps incorrectly in making the decision of its conscience, believes that it is bound by the Freeman case and does not have jurisdiction to go further in this matter. [¶] I believe that this decision of the court would be reviewable at an early opportunity with the district court of appeal, and should the district court of appeal hold otherwise, then this court will certainly entertain the renewal of the motion upon an appellate direction that I have jurisdiction to do so."[5]

## DISCUSSION

In reaching its conclusion that it lacked jurisdiction to conduct a bail hearing, we believe the trial court attached too broad a reading to *In re*

[1]Disputes concerning bail are nothing new in California jurisprudence. In the first case ever decided by our Supreme Court, defendants charged with homicide were ordered released on bail. (*People* v. *Smith* (1850) 1 Cal. 9, 14-15.)

[2]Petitioner was originally charged by complaint. Petitioner apparently demurred to the original and amended complaints. While the amended complaint was pending, the prosecution sought and was granted the indictment by the grand jury; its allegations pertaining to Clark were identical in all material respects to the amended complaint. Following the indictment, the complaint was dismissed.

[3]All statutory references are to the Penal Code unless otherwise specified.

[4]Because the prosecution is not pursuing the death penalty, the question arises as to whether this should be considered a capital case at all. (See, e.g., *Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 572 [194 Cal.Rptr. 480, 668 P.2d 787].) We defer consideration of that problem in order to expedite the bail hearing here. The trial date is rapidly approaching and we doubt that an affordable bail would be set in any special circumstances prosecution where "the proof is evident or the presumption great," even if it is ultimately decided that the gravity of the charge (rather than the potential punishment to a specific defendant) earns the "capital case" label.

[5]The trial court added that it would "welcome review" of its decision.

*Freeman, supra,* 102 Cal.App.3d 838. *Freeman* is a short opinion which devotes little discussion to procedure, and it does not hold that a trial court lacks jurisdiction to rule on a motion to set bail in a "capital" case. In fact, such a conclusion is belied by the opinion. The trial court in *Freeman* denied the motion to set bail (rather than claiming lack of jurisdiction), and the Court of Appeal observed, "Bail *may* be denied in a capital case" (*id.* at p. 840, italics added), rather than stating, "Bail must be denied" or "The court lacked jurisdiction." *Freeman* simply does not address the question of jurisdiction.

Interestingly, we have to go back to 1862 to provide the proper analysis for this issue. In *People* v. *Tinder* (1862) 19 Cal. 539, defendants were indicted for murder, and the trial court denied their application to be admitted to bail. In an opinion by Chief Justice Field, the court first held that "an indictment for a capital offense does of itself furnish a presumption of the guilt of the defendant too great to entitle him to bail as a matter of right under the Constitution, . . ." (*Id.* at p. 543.)[6] The court might have stopped there, but did not; instead, it went on to discuss at length the proper manner in which this presumption might be rebutted. (*Id.* at pp. 544-550.) The court offered several illustrations, such as "great popular excitement with reference to the prisoner, or the offense charged against him, likely to bias and warp the judgment of the grand jurors, . . ." (*Id.* at pp. 548-549.) The court gave other examples, but for our purposes the point is clear: There must be a hearing in order to determine if "the facts are evident or the presumption great." It stands to reason that the trial court must also have jurisdiction to conduct such a hearing.

We also observe that, under long-standing authority, a defendant is entitled to a bail hearing when charged by complaint or information rather than indictment. (See *Ex parte Walpole* (1890) 85 Cal. 362, 364-365 [24 P. 657]; *Ex parte Strange* (1881) 59 Cal. 416, 417.) Further, under section 1270.5, the statute which implements the constitutional right to bail, "The finding of an indictment does not add to the strength of the proof or the presumptions to be drawn therefrom." Therefore, regardless of how a defendant is charged, our Constitution provides the right to a bail hearing.

Because the superior court felt it had no jurisdiction to conduct a bail hearing, we do not know if "the facts are evident" or "the presumption is

---

[6]At the time, the relevant constitutional provision stated that "all persons shall be bailable by sufficient sureties unless for capital offenses, where the proof is evident or the presumption great." (Cal. Const. of 1849, art. I, § 7, quoted in *People* v. *Tinder, supra,* 19 Cal. at p. 541.)

great" in this case; there is simply no record. If the superior court finds that those standards have not been met, bail is appropriate.[7]

### DISPOSITION

Petitioner requested a peremptory writ of mandate, and real party in interest filed opposition. "Issuance of an alternative writ would not assist our resolution of this matter and would cause unnecessary delay. A peremptory writ in the first instance is appropriate." (*Kent* v. *Superior Court* (1992) 2 Cal.App.4th 1392, 1393 [4 Cal.Rptr.2d 21], citing *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr.626, 681 P.2d 893].) Let a peremptory writ of mandate issue, directing respondent court to conduct a bail hearing in accordance with the views expressed in this opinion. Pursuant to the request of real party in interest, this opinion will be final as to this court within 10 days. (Cal. Rules of Court, rule 24(d).)

Crosby, J., and Sonenshine, J., concurred.

---

[7]We leave it to the trial court to determine if the district attorney's decision not to seek the death penalty has any effect on whether "the facts are evident" or "the presumption is great."