Filed 6/17/22  In re Vasquez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F083550 |
| JORGE VASQUEZ, | (Super. Ct. No. VCF413074) |
| On Habeas Corpus. | **OPINION** |

## THE COURT*

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Jennifer Conn Shirk, Judge.

Koch, Degn & Gomez, Thomas W. Degn; Schweitzer & Davidian, Eric H. Schweitzer, Annie L. Davidian and James A. Vorhies for Petitioner.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jeffrey D. Firestone, Deputy Attorneys General, for Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Franson, J. and Peña, J.

This matter returns to this court following an order from the Supreme Court directing the issuance of an order to show cause. An order to show cause was thereafter issued on March 17, 2022. Following our review of the issues addressed by the parties, we remand this matter to the trial court to conduct a new bail hearing consistent with the requirements laid out in *In re Humphrey* (2021) 11 Cal.5th 135 (*Humphrey*) and *In re White* (2020) 9 Cal.5th 455 (*White*) before entering any new orders on the availability of bail or a release with or without conditions, pending trial.

## PROCEDURAL AND FACTUAL SUMMARY

The charges in this case all involve sex crimes allegedly committed against two half brothers who defendant often watched while their parents ran errands. Most of the allegations involve the younger five-year-old brother.[1] After the initial allegations came to light, the 11-year-old half brother told his grandmother defendant had also touched him inappropriately.

On June 9, 2021, an amended complaint was filed charging defendant with nine counts of committing a lewd act upon a child (Pen. Code,[2] § 288, subd. (a)); one count of committing oral copulation/sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b)); and one count of failing to register as a sex offender (§ 290, subd. (b)). Special allegations were also alleged under 10 of the counts. For counts 1 through 9, it was alleged defendant committed sex crimes with aggravated circumstances (§ 667.61, subds. (a) & (d)), was a habitual sex offender (§ 667.71), committed 2/3 strikes—four priors (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), committed a prior sex offense (§§ 667.51, subd. (a), 667.6, subd. (a)), suffered a prior serious felony conviction (§ 667, subd. (a)(1)), and engaged in substantial sexual conduct (except for

---

[1]     The allegations are taken from the declaration for bail deviation submitted by Detective D. Vargas. The declaration was presented pursuant to Penal Code section 1269c.

[2]     All further statutory references are to the Penal Code.

2.

count 8) (§ 1203.066, subd. (a)(8)).  For count 10, the amended complaint alleged defendant committed 2/3 strikes (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)).

At a bail hearing held on June 17, 2021, it was revealed defendant committed similar offenses in the early 1990's, resulting in a conviction and a 12-year sentence. After he was set to be released in 2000, the Los Angeles County District Attorney attempted to have defendant declared a violent sexual predator.  That process was never completed, and defendant was finally released in 2018.  Defendant thereafter filed a lawsuit against Los Angeles County citing due process violations.  Defendant eventually agreed to a settlement of $4.5 million.

Sometime after his release in 2018, defendant moved to Porterville, where he became close to the family of the two brothers.  The boys would often be dropped off at defendant's home so they could play video games while their mother ran errands.  As stated in the amended complaint, it is alleged that during these visits defendant committed various lewd acts, mostly against one brother.

Following a hearing held on June 17, 2021, defendant's motion for bail was denied, and he was ordered to be held without bail.  On October 18, 2021, defendant filed a petition for writ of habeas corpus in the trial court, challenging the decision to deny him the opportunity to post bail.  When that petition was denied in the trial court, defendant filed a petition with this court seeking the same relief.  That petition was denied by this court on December 16, 2021.

On March 9, 2022, the Supreme Court vacated this court's denial of defendant's petition for writ of habeas corpus.  The Supreme Court further ordered the Tulare County Sheriff to:

> "show cause why relief should not be granted on the grounds the record at the June 17, 2021, bail hearing did not contain evidence of a qualifying offense sufficient to sustain a hypothetical verdict of guilt on appeal (*In re White* (2020) 9 Cal.5th 455, 462–464) and the superior court failed to set

3.

forth the reasons for its decision to deny bail in the court's minutes (*In re Humphrey* (2021) 11 Cal.5th 135, 155–156)."

The parties provided supplemental briefing to this court in response to the Supreme Court order.[3]

## DISCUSSION

### I. Defendant is Entitled to a New Bail Hearing

#### A. Applicable Law

We begin with the relevant language of California Constitution, article I, section 12, which provides:

"A person shall be released on bail by sufficient sureties, except for: [¶] … [¶]

"(b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or

"(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

" 'The nature of the offense charged, not the punishment actually faced, controls the availability of bail.' " (*In re Christie* (2001) 92 Cal.App.4th 1105, 1109.) When reviewing a decision to deny bail, this court must consider the record before the court, and the trial court's decisions for an abuse of discretion. (*White*, *supra*, 9 Cal.5th at pp. 469–470.) "[A] defendant is entitled to decisions made by a court exercising

---

[3] The Tulare County Sheriff's response to the order to show cause was as follows: "[T]he Tulare County Sheriff is not in a position to properly and informatively respond to this Order to Show Cause and respectfully defers to the Superior Court and the Prosecutor in this matter."

The Attorney General submitted a response to the order to show cause on April 15, 2022.

informed discretion[;] … [a] court acting while unaware of the scope of its discretion is understood to have abused it." (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) Furthermore, the trial court must specifically consider whether the record, "viewed in the light most favorable to the prosecution, contains enough evidence of reasonable, credible, and solid value to sustain a guilty verdict on one or more of the qualifying crimes." (*White*, at p. 463.) "Under this standard, a trial court's factual findings are reviewed for substantial evidence, and its conclusions of law are reviewed de novo." (*Id*. at p. 470.)

The constitutionality of bail was addressed in *Humphrey*, *supra*, 11 Cal.5th 135. While that case dealt mostly with the monetary aspect of bail, *Humphrey* also provided important language on what a court must consider before concluding a person accused of a crime can be detained without bail:

> "In unusual circumstances, the need to protect community safety may conflict with the arrestee's fundamental right to pretrial liberty … to such an extent that no option other than refusing pretrial release can reasonably vindicate the state's compelling interests. In order to detain an arrestee under those circumstances, a court must first find by clear and convincing evidence that no condition short of detention could suffice and then ensure the detention otherwise complies with statutory and constitutional requirements." (*Humphrey*, *supra*, 11 Cal.5th at p. 143.)

The *Humphrey* court explained any decision to hold an arrestee without bail depends on the "insufficiency of less restrictive conditions" addressing compelling interests such as the safety of the victim and/or the public, and the integrity of the criminal process. (*Humphrey*, at p. 143.)

## B. This Matter Must be Remanded for a New Bail Hearing

At the end of the original bail hearing, the trial court stated as follows:

> "In any kind of situation, especially in light of the *Humphrey* decision, … the only difference is this gentleman has a substantial amount of money in order to pay bail. But the first issue is the seriousness of the offense, the danger to the community, the danger to the victims; that the Court has to determine whether or not there are any circumstances under which the safety of the community would be protected. This is an

absolutely egregious case. He has four strikes for prior child molesting victims. He has a long history. The recent concern, which you brought up, was that he was not following the directives of registering pursuant to Penal Code Section 290. And I have to take that into consideration regarding his ability to follow the orders."

The court ultimately concluded there was no evidence supporting the availability of any condition short of detention that could be imposed to protect the victims or the public. The court noted this had nothing to do with defendant's inability to meet financial conditions, but instead was based on the conclusion that detention was needed for the protection of the community and to insure defendant's future appearances in court.

Again, on March 9, 2022, the Supreme Court directed this court to vacate our order denying defendant's petition for writ of habeas corpus, and to issue an order to show cause directing the Sheriff of Tulare County to show cause why relief should not be granted. The order went on to state:

> "[The] bail hearing did not contain evidence of a qualifying offense sufficient to sustain a hypothetical verdict of guilt on appeal (*In re White* (2020) 9 Cal.5th 455, 462–464) and the superior court failed to set forth the reasons for its decision to deny bail in the court's minutes (*In re Humphrey* (2021) 11 Cal.5th 135, 155–156)."

Defendant is correct in that at the time the issue of bail was considered, he was not charged with an offense that qualified as a "no bail" offense under section 292 and article I, section 12 of the California Constitution. We note, however, that public safety has always been recognized as a primary factor when considering the setting of bail or when imposing conditions for release pending trial. (§ 1275, subd. (a); see also *In re McSherry* (2003) 112 Cal.App.4th 856, 861.) Even the *Humphrey* court stated, "[i]n unusual circumstances, the need to protect community safety may conflict with the arrestee's fundamental right to pretrial liberty …." (*Humphrey*, *supra*, 11 Cal.5th at p. 143.)

Defendant argues there is no reason for a new bail hearing because no "material contested issues of fact," exist. Defendant, therefore, believes he should be released

6.

immediately once this court issues its decision, with this court imposing conditions based on the existing record.[4] The People, in contrast, concede this matter should be returned to the trial court for a new bail hearing. While we must conclude the trial court abused its discretion when denying defendant bail or a conditional release of some type because of the lack of a qualifying offense and an adequate record citing reasons for its denial of bail, we decline to issue any rulings on bail or the conditions for bail here. It is evident the trial court did not fully understand the scope of its discretion, and that its exercise of discretion under *White* and *Humphrey* required any order issued contain evidence of a qualifying offense and the specific reasons supporting the decision to deny bail or a release from custody with conditions.

Again, under *Humphrey*, detailed findings are necessary once an arrestee is considered a danger to the public or the alleged victims. (*Humphrey*, *supra*, 11 Cal.5th at p. 154.) If a financial condition is not available, then a court must consider nonfinancial conditions that might achieve the desired protections. (*In re Brown*, *supra*, 76 Cal.App.5th at p. 306.) Such considerations and findings are better left to the trial court. (See *People v. Oreck* (1945) 69 Cal.App.2nd 317, 318.)

We note the question of what will be considered sufficient evidence supporting a ruling on bail and/or the conditions allowing a pretrial release has just recently been accepted for review by the Supreme Court in *In re Harris* (2021) 71 Cal.App.5th 1085, review granted March 9, 2022, S272632. When granting review, the Supreme Court stated:

> "The issue to be briefed and argued is limited to the following: What evidence may a trial court consider at a bail hearing when evaluating

---

**4**    Defendant cites the recently published case of *In re Brown* (2022) 76 Cal.App.5th 296, for the proposition that no further hearing is required. In fact, the court in that case directed the trial court to vacate its ruling denying a recognizance release, but then ordered the trial court to hold a new hearing consistent with recent Supreme Court decisions before issuing a new ruling. (*Id*. at p. 309.)

whether the facts are evident or the presumption great with respect to a qualifying charged offense, and whether there is a substantial likelihood the person's release would result in great bodily harm to others? (Cal. Const., art. I, § 12, subd. (b).)"

We believe the fact this issue has yet to be fully resolved supports our decision to remand this matter for a new hearing. During this new hearing, the trial court can make a more complete record providing its reasons for the conclusions it reaches in the trial court minutes as is required by both *White* and *Humphrey*.

## **DISPOSITION**

Defendant's petition for writ of habeas corpus is granted. The Tulare County Superior Court is directed to vacate its order of June 17, 2021, denying defendant bail. The Tulare County Superior Court is further ordered to hold a new hearing at which the court considers defendant's motion in a manner that is consistent with the Supreme Court's decisions in *Humphrey* and *White*, and this court's opinion.