[Crim. No. 24301. July 10, 1986.]

In re DAVID ROY BAKKE on Habeas Corpus.

COUNSEL

Timothy A. Provis for Petitioner.

Donald L. Clark, County Counsel, and Thomas William Cain, Deputy County Counsel, for Respondent.

OPINION

GRODIN, J.—When a municipal court imposes a jail term as a condition of probation but, at defendant's request, stays execution of the jail term pending appeal, does the court lose jurisdiction to order execution of the jail term if the appeal runs longer than the stipulated period of probation?

We will conclude that while the stay of execution of the jail term does not in itself stay any other provision of the probation order, the court does retain jurisdiction to enforce the jail term because the defendant, in seeking the stay, waives the right to object to execution of the jail term upon completion of the appeal.

I

David Roy Bakke, petitioner in this habeas corpus proceeding, was convicted in the Santa Clara Municipal Court of violating Penal Code section 484f, subdivision (2)[1] (misdemeanor credit card forgery).

On December 20, 1979, the municipal court suspended imposition of sentence and placed Bakke on three years formal probation on conditions which included a 60-day jail term and restitution. (§§ 1203, subd. (a), 1203a.) Bakke was released on his own recognizance pending disposition of his appeal to the Appellate Department of the Superior Court of Santa Clara County. The judgment was affirmed on May 2, 1984.[2]

While the appeal was pending Bakke's probation was revoked on two occasions following his violation of the conditions of probation. On each occasion probation was reinstated. (§ 1203.2, subd. (e).) Following the

---

[1]All statutory references are to the Penal Code.

[2]Apparently the delay was attributable to a temporary loss of the record. Petitioner and respondent agree that the judgment was affirmed May 2, 1984. Respondent states that the remittitur issued on the same date. This would be possible only upon stipulation of the parties. (Cal. Rules of Court, rule 191(b).) The date of affirmance of the judgment and that upon which the remittitur issued are irrelevant to the disposition of this proceeding.

second violation, the court extended the period of probation to April 4, 1984. At the time of that order, April 3, 1983, the court issued a "stay of execution," and ordered Bakke to comply with the restitution condition of his probation. Another "stay of execution" was ordered on May 25, 1983, to extend to August 31, 1983, but on August 22, 1983, the court issued a "further stay on sentencing until remittitur received." A similar order was made on October 28, 1983. Then, following affirmance of the judgment and issuance of the remittitur, the municipal court made an order on June 13, 1984, extending the period of probation to June 13, 1986, and ordered that Bakke commence service of the jail term on July 19, 1984.[3]

## II

Respondent, the Sheriff of Santa Clara County, contends that the court retained jurisdiction to order execution of the jail term because the various stays operated to stay not just the jail term, but the entire probationary period—in other words, that the period of probation commenced to run only upon the issuance of the remittitur. He relies for this proposition on *In re Kennick* (1982) 128 Cal.App.3d 959, 964 [180 Cal.Rptr. 731].

In *Kennick,* imposition of sentence for a felony conviction was stayed and three years probation granted on conditions which included a one-year jail term. The trial court granted a "stay of execution" pending the posting of an appeal bond and the defendant was released on his own recognizance pending posting of the bond. The bond was posted. The remittitur issued upon affirmance of the appeal more than three years after the stay of execution. The Court of Appeal held that the language of the minute order in which the stay of execution was made reflected a stay of the entire judgment upon condition that the bond be posted. The court reasoned that because a judgment is an "integrated whole" a stay of execution stays all parts of the judgment unless the court specifies otherwise, and that because confinement normally precedes the release of a probationer into society under probationary supervision it would be an exceptional case in which the trial court would intend to stay only the period of confinement while permitting the other conditions of probation to go into effect. The court concluded that a trial judge familiar with the length of the appellate process would not intend to stay only the jail term which is the most onerous condition of probation and take the risk that appellate delay would result in that condition never taking effect. (128 Cal.App.3d at p. 963.)

The facts of *Kennick* are clearly distinguishable. Although the stay itself may have been similarly worded, in *Kennick* the defendant had not been

---

[3]Service of the term has been stayed by order of this court pending disposition of the petition for writ of habeas corpus.

subjected to probation revocation and reinstatement. The intent of the court with respect to the other conditions of probation was therefore ambiguous. In the instant case if there was any ambiguity in the stay orders, the intent of the court that the other conditions of probation be effective during the appeal and the understanding of that intent by the probationer was manifest in the repeated revocations for violation of those conditions. Indeed, if respondent were correct, and the period of probation did not begin to run until conclusion of the appeal, the municipal court would have had no jurisdiction to enforce the terms of probation as it did.

Moreover, we conclude that the *Kennick* reasoning is faulty. While the rule stated by the Court of Appeal regarding the effect of a stay of execution of judgment may have application in other areas, it has none with respect to an order staying conditions of probation. Unless the court provides otherwise the release of a defendant granted probation on bail while his appeal is pending does not suspend operation of any condition of probation other than the provision for confinement. (*In re Osslo* (1958) 51 Cal.2d 371, 377-378, fn. 6 [334 P.2d 1].) The reasoning of the *Kennick* court does not support any change in this rule. It is true that service of a jail term imposed as a condition of probation normally precedes the return of the probationer to society under supervision. It does not follow, however, that the court which suspends execution of the jail term pending appeal intends, or that the court should, relieve the defendant of compliance with the other terms of probation.

It may be entirely appropriate to suspend the most onerous condition, that of physical confinement pending appeal. Indeed, it would be an abuse of discretion not to do so in a misdemeanor case such as this since a misdemeanant has an absolute right to bail pending appeal when a jail sentence is imposed. (§ 1272, subd. 2.) The defendant has, nonetheless, been convicted of a criminal offense. Requiring that he or she comply with other conditions of probation during the pendency of the appeal is, in most cases, an appropriate means by which to protect the public against further criminal conduct. The supervision of the probation officer may be considered necessary to insure continued good conduct or required to insure that the defendant may be promptly returned to court for proceedings to revoke probation and impose, or order execution of, sentence if it appears to the court that the probationer is unable or unwilling to comply with those conditions. Contrary to the reasoning of the *Kennick* court we do not presume that a trial court which suspends execution of a jail term intends to release a recently convicted defendant free of all supervision for the duration of the appeal process. To the extent that they are inconsistent with our analysis here, *In re Kennick, supra,* 128 Cal.App.3d 959, and *People v. Soukup* (1983) 141 Cal.App.3d 858 [190 Cal.Rptr. 635], are disapproved.

### III

■ Nonetheless, though for a different reason than that advanced by respondent, we conclude that the court had jurisdiction to make its June 13, 1984, order further extending the period of probation and ordering execution of the jail term.

Respondent does not contest the generally applicable rule that a probation order may be revoked or modified only during the period of probation. (§ 1203.3; *In re Daoud* (1976) 16 Cal.3d 879, 882 [129 Cal.Rptr. 673]; *In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) A probationer may by his conduct, however, consent to the continuance of a proceeding to a time beyond that within which a statute requires the court to act. In an analogous context the Court of Appeal held in *People* v. *Ham* (1975) 44 Cal.App.3d 288, 294 [118 Cal.Rptr. 591], that when a probationer appeared before the court for a revocation hearing prior to the expiration of the period of probation, and requested a continuance to a date beyond that period, the court retained the power to conduct the hearing and to revoke probation as the probationer was estopped to complain that the period of probation had expired.

This court reached a similar conclusion in *In re Griffin, supra,* 67 Cal.2d 343, where we explained: "Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term. [¶] When . . . the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*Id.,* at p. 347, fn. omitted.) In *Griffin* we applied that reasoning to reject a claim that the trial court had exceeded its jurisdiction in revoking probation after the end of the probation period when the petitioner himself had requested the continuance of the revocation hearing. We reasoned that the contrary rules which apply to time limits established by other civil and criminal statutes were not appropriate to the operation of the probation system.

Similar reasoning should govern a probationer's application for a stay of execution of a jail term imposed as a condition of probation. Like a request for a continuance of a revocation hearing, an application for a stay of execution of a jail term pending appeal contemplates that the proceedings related to that term will resume at a later time. The continuance is to a date certain. ■ The stay is to the time the judgment is affirmed and the

remittitur goes down, plus any additional time permitted under the statutes and rules for resumption of the proceedings necessary to order the term executed. (See, e.g., §§ 1265, 1468, 1382, subds. 2 & 3; Cal. Rules of Court, rule 191.)[4] ██ ██▬██ ██ Consequently, the municipal court did not exceed its jurisdiction when, upon receipt of the remittitur from the appellate department of the superior court, it ordered the stayed jail term into effect.[5]

Because petitioner is not presently entitled to release from custody, the order to show cause is discharged, the stay previously ordered by this court is vacated, and the petition for writ of habeas corpus is denied.

Bird, C. J., Mosk, J., Broussard, J., Reynoso, J., Lucas, J., and Panelli, J., concurred.

---

[4]The trial court's continuing authority to order execution of the stayed jail term also empowers the court, on application by the probationer, to excuse service of any remaining part of the jail term in the interest of justice. (§ 1203.3.)

[5]Although the court extended the period of probation to April 4, 1984, the probation term and petitioner's obligation to comply with the other conditions ended on that date. The court's order of June 13, 1984, purporting to further extend the period of probation to June 13, 1986, not having been made prior to the expiration of the term, was in excess of jurisdiction and is void.

We have no occasion in this proceeding to consider the power of a trial court to extend a period of probation beyond the statutory maximum absent a finding or charge that probation has been violated. (See § 1203.2.)