Filed 7/21/14  P. v. Smith CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>LANCE BOYD SMITH,<br><br>          Defendant and Appellant. | A139218<br><br>(Sonoma County<br> Super. Ct. No. SCR610970) |

This is an appeal from judgment after appellant Lance Boyd Smith entered a plea of no contest to one felony vandalism count.  The trial court suspended imposition of a sentence and placed appellant on probation subject to various terms and conditions, including serving 349 days in custody.  The trial court then awarded appellant 349 days of credit for time served and deemed his probationary term served in full.  Appellant was also ordered to pay various fines and assessments, including significant amounts of restitution to three victims.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which he raised no issue for appeal and asked this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).)

Upon reviewing the *People v. Wende* brief filed on appellant's behalf, we requested further briefing from the parties with respect to the following issue:  "Did the

1

trial court have jurisdiction to order victim restitution after the expiration of defendant's term of probation. See Penal Code section 1203.3. See also, *People v. Ford* (2013) 217 Cal.App.4th 1354."

Having considered the parties' respective briefs, as well as the relevant record on appeal, we affirm the judgment for reasons set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2012, an information was filed charging appellant with recklessly setting fire to a gas station, a felony (Pen. Code, § 452, subd. (c)) (count one), and misdemeanor theft (Pen. Code, § 484, subd. (a)) (count two).[1] It was further alleged appellant had suffered a prior strike conviction in 1988. (§ 1170.12.)

These charges stemmed from the following events occurring in the early morning hours of November 23, 2011. Appellant and two companions, travelling in appellant's van, were captured on a surveillance camera visiting a gas station in Rincon Valley. As was customary at this early-morning hour, the gas station was unattended and gas could be purchased only by credit card. However, at this date and time, there were no credit card records indicating appellant or his companions purchased gas.

The surveillance camera footage did show, however, appellant and his friends accessing gas from the pumps with what appeared to be keys. Shortly thereafter, this footage showed a "flicker" from inside the van that could have come from a match or lighter, followed by a big explosion or possibly two explosions that rocked the van.[2] This explosion then led to a fire that ultimately destroyed appellant's van as well as a significant portion of the gas station.

Testimony from witnesses at the preliminary hearing who were involved with the subsequent fire containment effort or the investigation of the explosion site, as well as the surveillance camera footage itself, demonstrated that the men put gas into several containers inside the van rather than into the van's gas tank. One of these containers had

---

[1]     All statutory citations herein are to the Penal Code unless otherwise stated.

[2]     Two explosions were heard on the video, but it may have been a single two-phase explosion rather than two distinct explosions.

a 150- to 200-gallon capacity; another had a 55-gallon capacity. A hole cut in the van panel near the gas filler cap enabled them to fill these containers through a hose inside the van.[3] Unfortunately, filling these containers with gas more than likely allowed vapors to escape and, when these vapors were exposed to either static electricity in the air or to a spark from a lighter or match used to light one of the men's cigarettes, the vapors more than likely caused the explosion.[4]

Appellant was arraigned on August 31, 2012 and, the following week, pleaded not guilty to both count one, recklessly setting fire to a gas station, and count two, misdemeanor theft. Appellant also denied the prior strike allegation.

On January 23, 2013, appellant entered a new plea of no contest to a new charge of felony vandalism (§ 594, subd. (a)) (count three), and counts one and two, as well as the prior strike allegation, were dismissed on the People's motion. In doing so, appellant stipulated to the factual basis for his plea. He also acknowledged through counsel that, following entry of his plea, "the Court would also retain jurisdiction for purposes of restitution." As the court explained when accepting appellant's plea: "I will go ahead, because this is a negotiated disposition, put you on probation, but terminate it [based on his time already served in custody] and impose the minimum, statutory fines and fees. That is your understanding of the agreement?" Appellant responded in the affirmative.

Accordingly, on February 19, 2013, the trial court suspended imposition of sentence and placed appellant on probation for 349 days. Under the terms of the negotiated deal, the trial court then granted appellant 349 days of credit for time served, thus deeming his probationary term served in full, and ordered him to pay a $280 restitution fine, a $30 criminal conviction fee, and a $40 court security fee. Finally, the trial court ordered appellant to pay victim restitution in the amounts of $2,417.75 to the

---

[3] Appellant attributed the presence in his van of this hole and the large containers to his carpet cleaning business, for which he used equipment with a gas-powered motor.

[4] Pumping fuel into non-approved containers inside a vehicle is not a safe or recommended method of dispensing fuel and can cause vapor or static electricity to build up, thereby greatly increasing fire risk.

Rincon Valley Fire Protection District and $4,669.64 to the Santa Rosa Fire Department. The trial court then reserved jurisdiction on the amount of restitution to be paid to the third set of victims, the owners of the fire-damaged gas station, just as the judge indicated he would do at the January 23, 2013 hearing.

On May 16, 2013, the restitution hearing was held with respect to the amount due the gas station owners, over appellant's objection that the court lacked jurisdiction because he was no longer on probation. Following this hearing, at which the gas station owner testified and produced written documentation as to her losses, the court ordered appellant to pay the owners $213,152.40 in repair costs and $204,490.00 in lost profits, all of which were attributable to the fire. A timely notice of appeal was filed on July 10, 2013.

## DISCUSSION

There is one legal issue before this court on appeal: Did the trial court retain jurisdiction to decide the issue of victim restitution payable to the gas station owners once the court, pursuant to a negotiated disposition, placed appellant on probation for 349 days and then, based upon the time he had already served in custody, deemed the probation grant served in full? The relevant law is as follows.

Victim restitution is a creature of both constitutional and statutory law. "In 1982, California voters passed Proposition 8, also known as The Victims' Bill of Rights. . . . Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.' (Cal. Const., art I, § 28, subd. (b).) The initiative added article I, section 28, subdivision (b) to the California Constitution: 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652.)

4

This constitutional mandate, however, was not self-executing. It required implementing legislation. The current version of this legislation provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court*." (§ 1202.4, subd. (f) (italics added).) A separate provision adds that, where, as here, the defendant is placed on probation, "the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation . . . ." (§ 1202.4, subd. (m).) Further, should "[a]ny portion of a restitution order . . . remain[] unsatisfied after a defendant is no longer on probation," the order "shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied." (§ 1202.4, subd. (m).)

A related statute, section 1203.3, subdivision (b)(5), also applies to restitution orders in cases where the defendant is placed on probation. This statute provides: "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of probation." (§ 1203.3, subd. (b)(5).) And, finally, section 1202.46, enacted in 1999, clarifies that, "when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4." (§ 1202.46.)

In this case, the trial court took several steps to comply with the legal mandate that appellant pay restitution to all victims of his criminal activity. In particular, as mentioned

above, pursuant to the negotiated plea bargain, the trial court placed appellant on probation for a term of 349 days with the condition that he serve 349 days in custody. Then, crediting appellant 349 days for time served, the trial court immediately deemed his probationary term complete. At the same time, the trial court ordered appellant to pay victim restitution in the amounts of $2,417.75 to the Rincon Valley Fire Protection District and $4,669.64 to the Santa Rosa Fire Department for their costs in handling the fire. However, with respect to the restitution owed to the remaining victims, the gas station owners who sustained the most significant losses from appellant's crime, the trial court reserved jurisdiction to allow for an evidentiary hearing at a later date.

After this subsequent restitution hearing, held on May 16, 2013, the trial court ordered appellant to pay the additional sum of $417,642.40 to the gas station owners to cover their repair costs and lost profits resulting from the fire. This amount, while no doubt significant, was established by competent witness testimony offered by the prosecution and subject to cross-examination by defense counsel. Appellant was also afforded full opportunity to present conflicting evidence. However, despite bearing the burden to disprove the prosecution's evidence regarding the victims' losses, he declined to do so.[5] (*People v. Foster* (1993) 14 Cal.App.4th 939, 946-947 [a defendant has the opportunity at a hearing to rebut the proposed restitution amount; however, he or she bears the burden of disproving the victim's restitution estimate].)

Appellant has never challenged the amount of restitution awarded to the gas station owners. However, prior to this hearing, appellant filed a written Opposition to Request for Restitution challenging the trial court's jurisdiction to award it. He argued that, because his probationary term had been deemed served in full, the trial court no longer had jurisdiction over him for purposes of restitution. While appellant's counsel failed initially to reassert this issue for purposes of appeal, we concluded it warranted

---

[5]     To briefly summarize, prosecutorial witness Joy Mukherji testified that the gas station was part of a shopping center owned by her and her husband, and that, due to the gas station explosion and resulting damage, not just the gas station, but other businesses in the shopping center sustained significant economic losses.

6

closer consideration and asked for supplemental briefing. In doing so, we pointed out this issue had been recently considered by our First District colleagues in *People v. Ford* (2013) 217 Cal.App.4th 1354 (*People v. Ford*), a decision that has since been ordered depublished and is presently awaiting review by the California Supreme Court (S212940). In *People v. Ford*, our colleagues held that, once a defendant's probationary period had expired, the court nonetheless retained jurisdiction pursuant to sections 1202.4, subdivision (f), and 1202.46 to award additional restitution. (217 Cal.App.4th at p. 1356; see also *People v. Bufford* (2007) 146 Cal.App.4th 966, 968 [holding that the court retained jurisdiction after the defendant had fully served her sentence to issue an order for payment of victim restitution].)[6]

Not surprisingly, appellant disagrees with the holding of *People v. Ford*, and asks this court to instead follow the reasoning of another recently depublished case out of the Second District, Division Three, *Hilton v. Superior Court* (2014) 224 Cal.App.4th 47, that is likewise awaiting California Supreme Court review (S217616, 2014 Cal. LEXIS 3768). There, contrary to *People v. Ford*, the court held that "a trial court does not have jurisdiction to modify a defendant's probation to impose restitution" after expiration of the probationary term, reasoning that "[s]uch a modification would be erroneous as an act in excess of the trial court's jurisdiction" and, "to hold otherwise would subject a defendant placed on probation to a lifetime restitution obligation and there would be no end to the restitution orders trial courts could impose on such a defendant." (*Hilton v. Superior Court, supra,* at p. 50.)

Undoubtedly, the California Supreme Court will have the last word on whether a trial court retains jurisdiction to award additional restitution once a defendant's probationary term has expired. However, putting aside for the moment the conflict in the appellate courts with respect to this issue, we agree with the People there is an alternative

---

[6]     The *People v. Ford* court rejected the defendant's argument that section 1203.3, subdivision (b)(5), limits the trial court's authority to impose or modify a restitution order to the "time during the term of probation." According to the court, "subdivision (b)(5) is permissive, not restrictive. It takes nothing away from the court's authority to award restitution under section 1202.4." (*People v. Ford, supra,* 217 Cal.App.4th at p. 1358.)

basis for upholding the restitution award to the gas station owners based on the circumstances of this case that permits us to avoid entering into otherwise murky legal waters.[7] This alternative basis, sounding in equity, is firmly rooted in California Supreme Court case law. Briefly stated, pursuant to this equitable concept, a probationer, like appellant, may be estopped from challenging an award of restitution imposed after expiration of the probationary period as an act in excess of the trial court's jurisdiction if the probationer, by his conduct, acquiesced or consented to the trial court's act. (See *In re Griffin* (1967) 67 Cal.2d 343, 348 ["A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.]"]; see also *In re Bakke* (1986) 42 Cal.3d 84, 89-90.)

The legal justification for applying this equitable principle of estoppel under such circumstances was succinctly explained by the California Supreme Court in *In re Bakke, supra,* 42 Cal.3d 84. There, the court relied on this principle to reject a defense argument that the trial court had lost jurisdiction to order execution of a jail term imposed as a condition of probation where, at the defendant's request, the court had previously stayed execution of the jail term pending an appeal that ended up running longer than the stipulated period of probation. The court reasoned as follows:
"Respondent does not contest the generally applicable rule that a probation order may be revoked or modified only during the period of probation. (§ 1203.3; [citations].) A probationer may by his conduct, however, consent to the continuance of a proceeding to a time beyond that within which a statute requires the court to act. In an analogous context the Court of Appeal held in *People v. Ham* (1975) 44 Cal.App.3d 288, 294 [118 Cal.Rptr. 591], that when a probationer appeared before the court for a revocation hearing prior to the expiration of the period of probation, and requested a continuance to a date beyond that period, the court retained the power to conduct the hearing and to revoke probation as the probationer was estopped to complain that the period of probation had expired. [¶]

---

[7] We simply note there are significant factual distinctions between our case and *Hilton v. Superior Court*, which, for reasons set forth below, we need not address.

8

"This court reached a similar conclusion in *In re Griffin, supra*, 67 Cal.2d 343, where we explained: 'Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term. [¶] When . . . the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction.' (*Id.*, at p. 347, fn. omitted.) In *Griffin* we applied that reasoning to reject a claim that the trial court had exceeded its jurisdiction in revoking probation after the end of the probation period when the petitioner himself had requested the continuance of the revocation hearing. We reasoned that the contrary rules which apply to time limits established by other civil and criminal statutes were not appropriate to the operation of the probation system. [¶] "Similar reasoning should govern a probationer's application for a stay of execution of a jail term imposed as a condition of probation. Like a request for a continuance of a revocation hearing, an application for a stay of execution of a jail term pending appeal contemplates that the proceedings related to that term will resume at a later time. The continuance is to a date certain. The stay is to the time the judgment is affirmed and the remittitur goes down, plus any additional time permitted under the statutes and rules for resumption of the proceedings necessary to order the term executed. (See, e.g., §§ 1265, 1468, 1382, subds. 2 & 3; Cal. Rules of Court, rule 191.) (See fn. 5.) Consequently, the municipal court did not exceed its jurisdiction when, upon receipt of the remittitur from the appellate department of the superior court, it ordered the stayed jail term into effect."[8] (*Id.* at pp. 89-90 [footnotes omitted].)

---

[8] In *In re Griffin, supra,* 67 Cal.2d 343, the California Supreme Court explained that, while it is well-established subject matter jurisdiction may not be conferred by estoppel, this bar does not apply where, as here, there is a challenge to the court's exercise of authority as an act *in excess of* jurisdiction: "Petitioner contends that because timely revocation of probation is 'jurisdictional' the rule that jurisdiction cannot be conferred by estoppel applies. That rule relates to subject matter jurisdiction, the court's

9

We conclude this reasoning applies squarely to the facts of this case. As explained in the trial court's restitution order: "The terms of the plea agreement included that probation would be granted and terminated at time of sentencing with the defendant receiving a jail sentence of credit for time served (175 actual + 174 conduct = 349 days total)." Additional terms of the plea agreement included that "*restitution would be reserved*" and appellant "*waived his presence at any future restitution hearing*." As the record reflects, appellant at no time objected to these terms. Rather, he accepted all the benefits of this plea bargain, which we have confirmed was validly entered. (Cal. Rules of Court, rule 4.414; Pen. Code, §§ 1016-1018, § 1192.5.) As such, permitting appellant, at this late juncture, to effectively strike the plea bargain term by which the trial court reserved jurisdiction for purposes of ordering additional restitution would, in the words of the California Supreme Court, "trifle with the court[s]." (*In re Griffin, supra,* 67 Cal.2d at p. 348.) It would also permit appellant to receive his benefits of the bargain, while depriving others, including the People and his victim, of their benefits.

Under these circumstances, we find no basis to disturb the judgment. Like the request for a continuance of a revocation hearing in *In re Griffin*, and the application for a stay of execution of a jail term pending appeal in *In re Bakke*, appellant's acceptance of the condition of his negotiated plea bargain that the trial court reserve jurisdiction with respect to the amount of restitution owed the gas station owners, and his simultaneous waiver of appearance at any future restitution hearing, clearly contemplate the holding of further proceedings by the trial court with respect to the issue of restitution. This is

power to hear and determine the cause. [Citations.] [¶] The jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction. [Citations.] Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term. [¶] When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.]" (*Id.* at pp. 346-347.)

10

particularly true, we add, in light of the applicable statutory scheme, which provides for such further action by the trial court without regard to the defendant's completion of probation. (See § 1202.4, subd. (m) ["[a]ny portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied"]; § 1202.46 ["when the economic losses of a victim cannot be ascertained at the time of sentencing . . . , the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined"].)

Accordingly, based on the California Supreme Court authority set forth above, we conclude appellant is estopped to complain that the trial court acted in excess of jurisdiction by awarding restitution to the gas station owners, undisputed victims of his criminal activity, after expiration of the probationary term, because he not only consented to, but thereafter received the benefits from, the valid plea bargain into which he knowingly and willingly entered. (*In re Griffin, supra,* 67 Cal.2d at p. 347; *In re Bakke, supra,* 42 Cal.3d at pp. 89-90.) We thus affirm the trial court's judgment.

### DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.

11