Filed 7/30/15  P. v. Thomas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TOMMY EUGENE THOMAS,<br><br>    Defendant and Appellant. | H038396<br>(Monterey County<br> Super. Ct. No. SS070833) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TOMMY THOMAS,<br><br>    Defendant and Appellant. | H039512<br>(Monterey County<br> Super. Ct. No. SS070833) |

## STATEMENT OF THE CASE

A jury convicted defendant Tommy Eugene Thomas of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and unlawful possession of ammunition (former § 12316, subd. (b)(1)).  At the sentencing hearing on January 30, 2009, the trial court

---

[1] Subsequent unspecified statutory references are to the Penal Code.

placed defendant on probation, and it ordered defendant to pay "victim restitution in the amount and manner to be determined."

At a restitution hearing on April 4, 2013, the trial court ordered defendant to pay the assault victim $33,684.55 in restitution. The trial court ordered defendant to pay 10 percent interest on the restitution award, with the interest beginning to accrue on January 30, 2009.

Defendant now appeals from the restitution order. On appeal, defendant contends that the trial court acted in excess of its jurisdiction in issuing the restitution order. He also contends that the trial court erred in imposing interest on the restitution award. As set forth below, we will modify the restitution order to have the 10 percent interest begin accruing on April 4, 2013, and we will otherwise affirm.

## STATEMENT OF THE FACTS[2]

Defendant stabbed Kevin Thissel with a barbeque fork. Thissel was hospitalized due to his stab wounds.

Police officers searched defendant's house after the stabbing. The officers found ammunition in defendant's bedroom.

## DISCUSSION

### I. *Defendant is Estopped from Contesting Jurisdiction*

Defendant contends that we must reverse the restitution order because the trial court acted in excess of its jurisdiction in issuing the order. Defendant asserts that the trial court "lost all lawful authority and jurisdiction to order victim restitution" when his probation expired on April 15, 2012. Defendant further asserts: "Because the court did not order restitution until April 4, 2013, . . . the court lost jurisdiction and could no longer

---

[2] The facts underlying defendant's conviction are largely irrelevant to the issues presented on appeal. We therefore provide only a very brief summary of those facts.

2

order [defendant] to pay victim restitution." As explained below, defendant is estopped from contesting jurisdiction.

## A. *Background*

At the sentencing hearing on January 30, 2009, the trial court did not determine the amount of restitution that defendant would be required to pay. Rather, on that date the trial court ordered defendant to pay "victim restitution in the amount and manner to be determined."

On March 19, 2012, the probation department filed a petition for "setting of restitution hearing." The petition specified that "defendant requests a hearing" regarding "the amount of restitution." The trial court set a restitution hearing for March 22, 2012.

On March 22, 2012, defendant consented to a continuance of the restitution hearing beyond April 15, 2012. At the March 22, 2012 hearing, the trial court stated, "The matter is continued to April 17th at 8:30 for setting of restitution hearing." Defendant did not object to the continuance. Rather, when the trial court proposed April 17, 2012 as a date for setting the restitution hearing, defense counsel responded, "That sounds good."

There were several continuances after April 17, 2012. The trial court eventually held the restitution hearing on April 4, 2013. On April 4, 2013, the trial court ordered defendant to pay victim restitution in the amount of $33,684.55, plus interest.

## B. *Analysis*

Our Supreme Court recently addressed the issue presented here. In *People v. Ford* (2015) 64 Cal.4th 282 [187 Cal.Rptr.3d 919, 349 P.3d 98, 99-100] (*Ford*), the Supreme Court held: "We need not decide whether a trial court retains jurisdiction to modify the amount of restitution once a defendant's term of probation has expired. So long as a court has subject matter jurisdiction—and both parties agree the trial court had it here— then a party seeking or consenting to action beyond the court's power may be estopped

3

from complaining that the resulting action exceeds a court's jurisdiction. [Citation.] By agreeing to a continuance of the restitution hearing to a date after his probationary term expired, defendant implied his consent to the court's continued exercise of jurisdiction. He is therefore estopped from challenging it."

*Ford* is controlling here. Defendant does not assert that the trial court lacked subject matter jurisdiction. Indeed, we must conclude that the trial court did have subject matter jurisdiction. (*Ford, supra,* 64 Cal.4th 282 [187 Cal.Rptr.3d 919, 349 P.3d 98, 101] [a trial court "lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter," and "it is well settled that the expiration of a probationary period does not terminate a court's fundamental jurisdiction"]; see also *In re Bakke* (1986) 42 Cal.3d 84, 89 [neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter].) Moreover, like *Ford*, defendant agreed to a continuance of the restitution hearing to a date after his probationary term expired. Defendant requested a restitution hearing, and the trial court set the restitution hearing for March 22, 2012, a date when defendant was still on probation. On March 22, 2012, defendant agreed to continue the matter to April 17, 2012, a date when defendant was no longer on probation. By agreeing to continue the restitution hearing to a date after his probation expired, defendant implied his consent to the trial court's exercise of jurisdiction. (See *Ford, supra,* 64 Cal.4th 282 [187 Cal.Rptr.3d 919, 349 P.3d 98, 99-100].) Defendant therefore is estopped from challenging jurisdiction. (See *Ford, supra,* 64 Cal.4th 282 [187 Cal.Rptr.3d 919, 349 P.3d 98, 102] [although the defendant did not seek the continuance, estoppel can "apply to a party who merely consents to a continuance to a date beyond the court's ordinary authority to act"].)

4

**II.** *Section 1202.4 Authorized the Trial Court to Impose Interest, But the Trial Court Abused its Discretion in Ordering the Interest to Begin Accruing on January 30, 2009*

Defendant contends that the trial court erred in ordering him to pay interest on the restitution award. His argument is twofold. Defendant first asserts that "section 1202.4 authorized interest on a victim restitution award only where there was evidence the victim suffered a loss pertaining to interest," and the trial court erred in imposing interest because there was no evidence that Thissel suffered a loss pertaining to interest. Defendant next asserts that the trial court erred in ordering the interest to begin accruing on January 30, 2009, a date four years before the restitution order. As explained below, section 1202.4 authorized the trial court to impose 10 percent interest, but the trial court abused its discretion in ordering the interest to begin accruing on January 30, 2009.

**A.** *Background*

The trial court held the restitution hearing on April 4, 2013. Thissel testified at the hearing, and a victim loss statement was admitted into evidence. The evidence at the hearing established that Thissel suffered the following economic losses due to the assault: lost wages in the amount of $4,200, ruined clothing valued at $312, a lost cell phone valued at $110, and hospital bills in the amount of $29,062.55. Based on the evidence presented at the hearing, the trial court ordered defendant to pay restitution in the amount of $33,684.55. The trial court ordered 10 percent interest to accrue on the restitution award beginning on January 30, 2009.

Defendant objected to the imposition of interest. Defense counsel asserted that there "was absolutely no testimony, whatsoever, that interest was owed to the hospital for the payment of 29,062." Defense counsel also noted that it would be unfair to impose interest, arguing in part: "[B]ack when this case came to sentencing, no restitution order was issued. The restitution issue was reserved . . . . Had restitution been ordered previously, [defendant] would have been able to begin paying the restitution amount, and

5

we would not have the issue pending about interest." The trial court rejected the defense arguments, stating: "The Court's going to order interest at the legal rate of 10 percent from January 30, 2009."

### B. *Legal Principles and the Standard of Review*

"Restitution is constitutionally and statutorily mandated in California." (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) The constitutional mandate for restitution is carried out through section 1202.4. (*Ibid.*)

Section 1202.4, subdivision (f) provides: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record."

Subdivision (f)(3) of section 1202.4 describes the method to be used in calculating restitution. As pertinent here, that subdivision provides: "To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including . . . [i]nterest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court." (§ 1202.4, subd. (f)(3)(G).)

A restitution order "*must* fully reimburse the victim for every economic loss caused by the defendant's criminal conduct, including 10 percent interest . . . ." (*People v. Wickham* (2014) 222 Cal.App.4th 232, 238, italics in original.) "And the point of a

6

restitution award is that the crime perpetrator is indeed responsible to pay the award *now,* which is why the award carries interest from the date of sentencing or date of loss." (*People v. Pangan* (2013) 213 Cal.App.4th 574, 581 (*Pangan*), fn. omitted, italics in original.)

"In determining the amount of restitution, all that is required is that the trial court 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' " (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1382 (*Atkins*).) "A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall." (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)

"We review the trial court's restitution order for abuse of discretion." (*People v. Busser* (2010) 186 Cal.App.4th 1503, 1508.) "The order must be affirmed if there is a factual and rational basis for the amount." (*Akins, supra,* 128 Cal.App.4th at p. 1382.) "An order resting upon a 'demonstrable error of law' constitutes an abuse of the court's discretion." (*People v. Busser, supra,* 186 Cal.App.4th at p. 1508.)

**C.** ***Section 1202.4 Authorized the Trial Court to Impose 10 Percent Interest Without Evidence of Loss Pertaining to Interest***

Defendant contends that the "plain language" of section 1202.4 authorizes a trial court to impose interest on a restitution award only if there is evidence that the victim "has suffered a determined economic loss pertaining to interest." He asserts that the restitution order here must be reversed due to the absence of such evidence.

Defendant's argument is unpersuasive. Section 1202.4, subdivision (f)(3)(G) specifically states that the trial court is authorized to impose "[i]nterest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court." No provision in section 1202.4 states that interest may be imposed only if there is evidence of economic loss pertaining to interest. Moreover, defendant's

argument overlooks the purpose of imposing interest on a restitution award, which is to secure immediate payment of restitution. (*Pangan, supra,* 213 Cal.App.4th at p. 581.) To require evidence of loss pertaining to interest would defeat the purpose of section 1202.4's interest provision. We therefore cannot conclude that section 1202.4 requires evidence of loss pertaining to interest, and we will not reverse the restitution order here due to lack of such evidence.

**D.** *The Trial Court Abused its Discretion in Ordering the Interest to Begin Accruing on January 30, 2009*

Defendant alternatively asserts that the trial court abused its discretion in ordering the 10 percent interest to begin accruing on January 30, 2009. We agree.

Section 1202.4, subdivision (f)(3)(G) states that 10 percent interest "accrues as of the date of sentencing or loss, as determined by the court." "Section 1202.4, subdivision (f) creates a presumption victim restitution loss should be ascertained at 'the time of sentencing,' subject to the trial court's discretion to ascertain the date of loss at another time." (*Pangan, supra,* 213 Cal.App.4th at p. 581, fn. 7.) It has been assumed that the "time of sentencing," as used in section 1202.4, subdivision (f), "is the time of the restitution order" and not the date when the defendant is sentenced. (*Pangan, supra,* 213 Cal.App.4th at p. 581, fn. 7.)

January 30, 2009 was the date of defendant's sentencing hearing. On that date, the trial court placed defendant on probation and ordered defendant to pay "victim restitution in the amount and manner to be determined." Over four years later, on April 4, 2013, the trial court issued a restitution order requiring defendant to pay the victim $33,684.55, plus 10 percent interest. The trial court abused its discretion in ordering the interest to begin accruing on January 30, 2009. As explained above, the purpose of imposing interest on a restitution award is to secure immediate payment of restitution. Before April 4, 2013, there was no amount of restitution for defendant to pay. To require

8

defendant to pay 10 percent interest for the four years during which there was no amount of restitution for him to pay would be unreasonable.  (See *Akins, supra,* 128 Cal.App.4th at p. 1382 [the trial court must use a rational method in determining the amount of restitution].)  Indeed, before the restitution amount was set, defendant informed the trial court:  "Your honor, I also would like to state I made an attempt through the Revenue Department to make restitution payments and they would not take it . . . .  [T]hey did not take any payment whatsoever."  Given that defendant was prevented from paying restitution before April 4, 2013, we believe that it would be unfair for 10 percent interest to begin accruing before that date.  We accordingly will modify the restitution order to have the 10 percent interest begin accruing on April 4, 2013.

### DISPOSITION

The restitution order is modified to reflect 10 percent interest beginning to accrue on April 4, 2013.  As so modified, the judgment is affirmed.

_____

RUSHING, P. J.

WE CONCUR:

_____

ELIA, J.

_____

MÁRQUEZ, J.

*People v. Thomas*
**H038396 & H039512**

10