Filed 1/19/22  P. v. Moore CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALANA MOORE,<br><br>        Defendant and Appellant. | A161308<br><br>(Alameda County<br>Super. Ct. No. H57506) |

Defendant Alana Moore contends the trial court acted without jurisdiction when, more than four years after it imposed an initial victim restitution order and four months after her probation had terminated, it imposed a second restitution order requiring her to reimburse the California Victim Compensation and Government Claims Board (VCB) for additional amounts for her victim's medical expenses. We conclude Moore is estopped from challenging the court's exercise of jurisdiction by her failure to object to continuing the restitution hearing beyond the expiration of her probationary term.

**BACKGROUND**

In December 2014 Alana Moore struck her ex-husband with her moving car, breaking his leg. She pleaded no contest to felony

1

assault by means of force likely to cause great bodily injury and in July 2015 was sentenced to five years of formal probation. As a probation condition, she agreed to pay victim restitution and the court reserved jurisdiction to determine the amount.

In early 2016 the People requested victim restitution of $11,284.07, the amount the VCB had paid Moore's victim for his medical costs, and asked that the court reserve jurisdiction to increase that amount in the future pursuant to Penal Code[1] sections 1202.4, subdivision (f)(1) and 1202.46. The VCB invoice supporting the request also indicated the possibility of "additional amounts to be determined." On March 22, 2016, Moore stipulated through counsel to pay victim restitution in the requested amount.

In November 2019 the People moved for additional victim restitution, this time seeking reimbursement for the VCB's payment of an additional $24,637.89 for the victim's medical expenses, for total restitution of $35,921.96. On January 3, 2020, the parties appeared in court to address the new restitution claim. Moore disputed the amount and the court set the matter for a contested hearing on March 20, 2020.

Before that hearing could occur, effective March 17, 2020, the court curtailed its operations due to the COVID-19 pandemic. Over the following months a series of emergency orders authorized partial court closures and extended various legal

---

[1] Unless otherwise noted, further statutory citations are to the Penal Code.

2

deadlines. Due to the closures the restitution hearing was continued first to May 15, then reset for May 22, and then to dates in mid-July. Moore did not request a hearing date or object to any of these continuances.

Moore's probation ended on July 2, 2020. On July 14, through counsel, Moore asked to continue the hearing then set for July 16. The prosecutor acquiesced in an email exchange between the court and all counsel, noting that "the case involves a VCB claim that had been previously ordered and then there were additional expenses paid. As such, our submission at a hearing would be the certified documents for the increase[d] VCB amounts." In an emailed response, the court agreed to continue the hearing and observed that Moore's probation had terminated on July 2. With both parties' agreement, the hearing was set for October 16, 2020.

At the October hearing, defense counsel argued for the first time that the court lost jurisdiction to order further restitution when Moore's probationary period ended on July 2. The court ordered briefing on the jurisdictional issue and set a hearing for November 3. On that date, after considering the parties' briefs and argument, the court ruled that it retained jurisdiction to act on the request for additional restitution. The court distinguished Moore's primary authority, *People v. Waters* (2015) 241 Cal.App.4th 822 (*Waters*), on the ground that there victim restitution was not claimed until two years after Waters's probation had terminated, while in Moore's case the restitution claim was in process and an initial amount had been awarded

3

during her probationary period. The court ordered Moore to pay the VCB $24,637.89 in additional restitution.

This appeal is timely.

## DISCUSSION

Moore contends the trial court acted in excess of its jurisdiction when it ordered the additional restitution after her probation expired. We will not address her jurisdictional argument, an issue the Supreme Court has thus far declined to resolve (see *People v. Ford* (2015) 61 Cal.4th 282, 284 (*Ford*)), because we find her estopped from asserting it by her acceptance of the benefits of her plea bargain and her subsequent failure to object to delaying the hearing beyond the termination of her probationary period. Although not necessary to our resolution of the appeal, we also find the authority for her jurisdictional argument inapposite.

Our starting point is the constitutional and statutory scheme governing victim restitution in this state. "In 1982, California voters passed Proposition 8, also known as The Victims' Bill of Rights. At the time this initiative was passed, victims had some access to compensation through the Restitution Fund, and trial courts had discretion to impose restitution as a condition of probation. [Citations.] Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.' [Citation.] The initiative added article I, section 28, subdivision (b) to the California Constitution: 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses

4

as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).)

This constitutional mandate, which was not self-executing, directed the Legislature to adopt implementing legislation. (*Giordano, supra,* 42 Cal.4th at p. 652.) In 1983 the Legislature enacted section 1203.4, which required courts to impose victim restitution as a condition in all cases in which probation was granted (*Giordano*, at p. 652), followed in 1986 with the enactment of Government Code former section 13967, requiring restitution in nonprobationary cases as well. (*Giordano*, at p. 653.)

Further changes to the statutory restitution scheme followed in the mid-1990's, when " 'to expand the ability of the victims to receive restitution,' " the Legislature consolidated these and other former restitution provisions into section 1202.4. (*Giordano, supra,* 42 Cal.4th at p. 653.) "[S]ection 1202.4 now requires restitution in every case, without respect to whether probation is granted." (*Ibid.*) Subject to exceptions not relevant here, section 1202.4, subdivision (f) provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims . . . based on the amount

of loss claimed by the victim or victims. . . . If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution." Pursuant to section 1202.4, subdivision (*l*), when probation is ordered, the court "shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation."

In 1999 the Legislature expressly conferred jurisdiction on trial courts to impose and modify victim restitution orders until the victim's losses could be ascertained. Section 1202.46 now provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4." (§ 1202.46; Stats. 1999, ch. 888, § 3 (Sen. Bill No. 1126 (1999-2000 Reg. Sess.) Feb. 26, 1999), amended by Stats. 2016, ch. 37), § 4 (Assem. Bill No. 2295 (2015-2016 Reg. Sess.) June 27, 2016, eff. Jan. 1, 2017.)

In *People v. Bufford* (2007) 146 Cal.App.4th 966 (*Bufford*), which did not involve a probationary term, Division 3 of this court rejected a defense contention that the trial court lost

jurisdiction to order restitution once the defendant had fully served her prison sentence. The court observed that when the trial court ordered victim restitution at sentencing it reserved the amount of the award until it could be ascertained at a later date. (*Id.* at pp. 968–970.) After an initial hearing followed by a series of continuances spanning over four years, the trial court denied the prosecutor's renewed motion to fix the amount of restitution on the ground the defendant had by then fully served her sentence. (*Id.* at p. 969.)

On appeal, this court relied on sections 1202.46 and 1202.4, subdivision (f) to reject the defendant's contention. "Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution." (*Bufford*, *supra*, 146 Cal.App.4th at p. 971.) "The trial court ordered victim restitution at the time of sentencing, and followed the statutory procedure that permits determination of the amount of loss at a later hearing" pursuant to sections 1202.4, subdivision (f) and 1202.46. (*Bufford*, at pp. 971–972.) The prosecutor thereafter moved as soon as the circumstances permitted to fix the amount of the victim's losses. (*Id.* at p. 972.) In the absence of " 'compelling and extraordinary reasons' " requiring departure from the constitutional mandate to recompense crime victims for their losses, the *Bufford* court

7

rejected the defendant's narrow interpretation of the statutory scheme. (*Ibid.*)

The Supreme Court has not decided whether the expiration of a probationary term, unlike a prison sentence, deprives the trial court of jurisdiction to impose or modify a restitution order. Two published opinions from the Courts of Appeal hold that it does: *People v. Waters*, *supra*, 241 Cal.App.4th 822, and *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 (*Hilton*). In *Ford, supra,* 61 Cal.4th at pp. 284–285, in which the Court of Appeal held it does not, the Supreme Court declined to resolve the conflicting authority because it found the defendant estopped from challenging the court's exercise of jurisdiction.[2]

We agree with the People that the circumstances here mandate the same outcome. As the Court observed in *Ford,* probationers may be estopped from challenging the trial court's jurisdiction to award restitution after the probationary period has expired if, by their conduct, they consented to or acquiesced in the trial court's act. (*Ford*, *supra*, 61 Cal.4th at pp. 287–288, citing *In re Griffin* (1967) 67 Cal.2d 343, 348 [defendant who requested continuance of probation revocation hearing beyond probationary period was estopped from challenging order revoking probation].)

---

[2] The court then dismissed review in *Hilton*, which it had granted and held pending resolution of *Ford*. (*Hilton v. Superior Court, supra*, 239 Cal.App.4th 766, review dism. and matter remanded July 8, 2015, S217616.)

The Supreme Court explained the legal justification for applying estoppel under such circumstances in *In re Bakke* (1986) 42 Cal.3d 84, 89, where it held a defendant who requested a stay of execution of a jail term imposed as a condition of probation pending appeal was estopped from challenging the court's jurisdiction to impose the term after his probation ended. The Court reasoned:

"Respondent does not contest the generally applicable rule that a probation order may be revoked or modified only during the period of probation. [Citations.] A probationer may by his conduct, however, consent to the continuance of a proceeding to a time beyond that within which a statute requires the court to act. In an analogous context the Court of Appeal held in *People v. Ham* (1975) 44 Cal.App.3d 288 . . . that when a probationer appeared before the court for a revocation hearing prior to the expiration of the period of probation, and requested a continuance to a date beyond that period, the court retained the power to conduct the hearing and to revoke probation as the probationer was estopped to complain that the period of probation had expired.

"This court reached a similar conclusion in *In re Griffin, supra,* 67 Cal.2d 343, where we explained: 'Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after

9

the end of the probationary term. [¶] When . . . the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction.' [Citation.] In *Griffin* we applied that reasoning to reject a claim that the trial court had exceeded its jurisdiction in revoking probation after the end of the probation period when the petitioner himself had requested the continuance of the revocation hearing." (*In re Bakke, supra,* 42 Cal.3d at p. 89.)

Notably, the defendant in *Ford* did not request the continuance that delayed the restitution hearing beyond his probationary term. As the court explained, "estoppel can also apply to a party *who merely consents to a continuance* to a date beyond the court's ordinary authority to act. [Citation.] We have long recognized that a failure to object can constitute implied consent to an act in excess of the court's jurisdiction. [Citations.] We have also held that a probationer's conduct may signify consent to the continuance of a proceeding, even if the continuance extends the proceedings beyond the period during which a statute requires a court to act." (*Ford, supra*, 61 Cal.4th at p. 288, italics added.)

*Ford's* reasoning applies squarely to the facts of this case. By exercising her right to contest the victim's medical bills, Moore, who was represented by counsel throughout the proceedings, initiated the series of continuances that eventually pushed the restitution determination beyond her probationary

10

term.[3] She could have requested the hearing or objected to any of those continuances at any time before the July 2, 2020 expiration of her probationary term. Contrary to her claim that the pandemic-compelled court closures left her "no meaningful opportunity to object," nothing prevented her attorney from communicating with the court and prosecutor through written submissions or emails. Nor does Moore identify any conceivable prejudice from holding the restitution hearing after, rather than before, the end of her probationary term. (See *Ford, supra,* 61 Cal.4th at p. 290.)

In these circumstances we have no difficulty concluding Moore impliedly consented to the court's continued exercise of jurisdiction. Permitting her to allow her probation to expire without objection or notice to the court and only then belatedly to object it had lost the jurisdiction that it expressly reserved to fully adjudicate the amount of victim restitution would, in the words of the Supreme Court, " 'trifle with the courts.' "[4] (*Griffin, supra,* 67 Cal.2d at p. 348.)

---

[3] In the end, when the restitution hearing was finally held in November 2020 Moore did not challenge the $24,637.89 amount the prosecution had requested a year earlier.

[4] Moore maintains estoppel does not apply because she did not "knowingly" seek the continuances that resulted in setting the hearing after her probation expired. Nothing in the record supports her implied claim she was unaware the impending termination of her probation might release her from the obligation to compensate her victim for his losses. Nor does anything in *Ford* (or any other authority Moore cites) require that a party to be estopped by his or her conduct acted with such knowledge or intent or "mis[led] the court."

The application of estoppel is particularly warranted because Moore agreed as a term of her plea bargain to compensate her victim for his losses in an amount to be determined at a later date pursuant to section 1202.4, subdivision (f). She at no time objected to that condition, and accepted all the benefits of her plea bargain. Permitting her to effectively strike the plea agreement term by which she agreed to pay full restitution would allow her to receive the benefits of her bargain while releasing her from its commensurate obligations.

Finally, even were estoppel inapplicable, we would reject Moore's contention that *Waters* and *Hilton* require reversal of the restitution order. Applying various rules of statutory interpretation, both opinions construe the restitution scheme to hold the trial court loses jurisdiction to modify restitution when the defendant's probationary term expires, notwithstanding article 1, section 28, subdivision (b) of our constitution and the language of sections 1202.4, subdivision (f) and 1202.46. (*Hilton, supra,* 239 Cal.App.4th at pp. 769, 777–782; *Waters, supra,* 241 Cal.App.4th at pp. 825, 829–831 [following *Hilton*].)

We need not address their analysis and conclusions because both are inapposite. Moore was expressly ordered to pay restitution at sentencing and the court reserved jurisdiction for that purpose. Shortly thereafter the court ordered her to pay a stipulated amount of $11,284.07, and later, but still within Moore's probationary term, set a contested hearing on a new claim for additional medical expenses. In sharp contrast, in *Waters* the trial court did not order restitution until more than

12

two years after the defendant's probation had terminated—a point on which the *Waters* court expressly distinguished *Bufford, supra,* 146 Cal.App.4th 966. (*Waters, supra,* 241 Cal.App.4th at pp. 825, 831, fn. 5.)

*Hilton* is equally distinguishable. The trial court there ascertained the amount of the victim's losses and awarded full restitution during the defendant's probationary term. Moreover, there was no suggestion the victim might have additional losses until long after probation expired. (*Hilton, supra,* 239 Cal.App.4th at pp. 769–770, 781–782.) Not so here, where the initial victim restitution claim notified Moore that additional restitution might be sought and the People submitted a claim for that additional restitution almost eight months before her probation terminated.

In sum, and in any event, we find Moore's implicit consent to the trial court's exercise of jurisdiction after July 2, 2020 estops her from challenging it here.

## DISPOSITION

The restitution order is affirmed.

_____

                                            Ross, J.*

WE CONCUR:

_____

Pollak, P.J.

_____

Brown, J.

*A161308 People v. Moore*

_____

     * Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14